ELLIS, Judge.
This is an appeal by Donald J. Mills from a money judgment rendered in favor of K-Way Equipment Company. We note, ex proprio motu, our lack of jurisdiction because the appeal was not timely perfected.
Personal service of the petition was made on defendant on December 19, 1975. Answer was filed, and trial held on the merits. Judgment was rendered for plaintiff on September 20,1976. Motion for appeal was signed on September 28, 1976, and a cash appeal bond filed on October 13, 1976.
Article 5002 of the Code of Civil Procedure, which governs appeals from City Courts in cases involving more than $100.00 provides:
“The delay for answering shall be stated in the citation and shall be five days, exclusive of legal holidays. A defendant shall incorporate in his answer all of the exceptions on which he intends to rely. No prior default is necessary, and judgment may be rendered as provided in Article 4896. Notice of the rendition of judgment is not necessary, except as provided in Article 4898. The delay for answering garnishment interrogatories shall be five days, exclusive of legal holidays. “A new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment, or within three days of the service of notice of judgment when necessary.
*406 “A devolutive or suspensive appeal to the proper appellate court may be granted if applied for within ten days after the expiration of the delay for applying for a new trial, or within ten days of the denial of a new trial.
“The suspensive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a suspensive appeal.”
Article 4898 of the Code of Civil Procedure provides:
“Notice of judgment shall be served on a defendant against whom judgment is rendered if the citation was not served on him personally, and he failed to answer.
“Notice of judgment need not be given in any other case.”
Since there was personal service on defendant, the delay for applying for a new trial began to run on September 21, 1976. Since the appeal bond was not furnished within ten days of the expiration of the three day delay for applying for a new trial, this appeal was not timely perfected, and we are without jurisdiction.
The appeal is therefore dismissed, at defendant’s cost.
APPEAL DISMISSED.